UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BECK,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                                Case No. 1:11 CV 735

PLAINWELL, CITY OF, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant Reed's Motion to Dismiss, (dkt. #36), and Defendant DeHart's Motion to Dismiss, (dkt. #40). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **granted**.

## BACKGROUND

        Plaintiff initiated the present action on July 18, 2011, against The City of Plainwell and the following individuals: (1) Erik Wilson, Plainwell City Manager; (2) William Bomar, Plainwell Director of Public Safety; (3) Robert Champion, Plainwell City Attorney; (4) John Varley, Detective, Plainwell Department of Public Safety; (5) Ricky Updike, Superintendent, Plainwell Department of Public Works; (6) R. David DeHart, a private citizen; and (7) Barbara Reed, a private citizen. The following allegations are contained in Plaintiff's complaint.

        On the evening of July 18, 2008, Updike filed a complaint with the Plainwell Department of Public Safety alleging that earlier that evening DeHart observed a woman matching Plaintiff's

description "stalking" Updike's residence. Following an investigation, Varley concluded that Plaintiff "was no longer a suspect" in the matter and no criminal charges were ever filed against Plaintiff concerning the incident. Nevertheless, soon thereafter, Updike, with the assistance of Defendant Champion, sought and obtained a Personal Protective Order (PPO) against Plaintiff.

Believing that Updike had intentionally accused her of a crime she did not commit, Plaintiff sought assistance from Wilson, Bomar, and Varley to investigate the matter and provide Plaintiff with appropriate "justice." Plaintiff's attempts to secure an investigation against Updike, however, were unsuccessful. Throughout this process, Updike, with Champion's assistance, obtained several extensions of the aforementioned PPO. Plaintiff was eventually found to have violated the terms of the PPO and sentenced to serve 90 days in jail and pay "thousands of dollars" in attorney fees.

Plaintiff alleges that Defendants have violated her First Amendment right to be free from unlawful retaliation and, furthermore, entered into a conspiracy to deny her constitutional right to due process and equal protection of the laws. Defendants Reed and DeHart now move to dismiss Plaintiff's allegations on the ground that such fail to state a claim on which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court has held, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption

that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL

51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.        **Retaliation Claims**

Plaintiff's retaliation claims are asserted pursuant to 42 U.S.C. § 1983 which provides that "every person who, *under color of State [law]*. . .subjects, or causes to be subjected, any citizen of the United States. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." (emphasis added). As indicated by the italicized language, a claim asserted pursuant to § 1983 claim can only be asserted against a person or entity "acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010). Unless "jointly engaged with state officials in a prohibited action," a private person is not considered a state actor for § 1983 purposes. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

Plaintiff concedes in her complaint that Defendants Reed and DeHart are "private citizens." Moreover, while Plaintiff asserts the legal conclusion that Defendants Reed and DeHart were state actors, she has failed to allege facts that either was "jointly engaged with state officials in a prohibited action." Accordingly, the undersigned recommends that Plaintiff's retaliation claims against Defendant Reed and Defendant DeHart be dismissed.

**II.        Conspiracy Claims**

Plaintiff alleges that Defendants Reed and DeHart participated in a conspiracy, in violation of 42 U.S.C. § 1985(3), the purpose of which was to deprive Plaintiff of her constitutional right to due process and the equal protection of the laws.

To establish a claim of private conspiracy under § 1985(3), Plaintiff must establish the following: (1) a conspiracy involving two or persons; (2) for the purpose of depriving the plaintiff of the equal protection of the laws due to racial or class-based animus; (3) an act in furtherance of the conspiracy, and (4) which resulted in injury to the plaintiff.  *See Maxwell v. Dodd*, 662 F.3d 418, 422 (6th Cir. 2011) (citing 42 U.S.C. § 1985(3) and *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).  Plaintiff has failed to allege facts that the purpose of the alleged conspiracy was to deprive her of the equal protection of the laws due to racial or class-based animus.  Accordingly, the undersigned recommends that Plaintiff's conspiracy claims against Defendant Reed and Defendant DeHart be dismissed.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant Reed's Motion to Dismiss, (dkt. #36), be **granted**; and Defendant DeHart's Motion to Dismiss, (dkt. #40), be **granted**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                            Respectfully submitted,

Date: April 10, 2012　　　　　　　　　　　　　/s/ Ellen S. Carmody
　　　　　　　　　　　　　　　　　　　　　　ELLEN S. CARMODY
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge