UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BARBARA BECK,

                Plaintiff,                             Hon. Janet T. Neff

v.                                         Case No. 1:11 CV 735

PLAINWELL, CITY OF, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant City of Plainwell, Wilson, Bomar, Varley, and Updike's Motion for Summary Judgment</u>, (dkt. #34), and <u>Defendant Champion's Motion for Summary Judgment</u>, (dkt. #43). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **granted in part, denied in part, and denied without prejudice in part** as detailed herein.


## BACKGROUND

Plaintiff initiated the present action on July 18, 2011, against The City of Plainwell and the following individuals: (1) Erik Wilson, Plainwell City Manager; (2) William Bomar, Plainwell Director of Public Safety; (3) Robert Champion, Plainwell City Attorney; (4) John Varley, Detective, Plainwell Department of Public Safety; (5) Ricky Updike, Superintendent, Plainwell Department of Public Works; (6) R. David DeHart, a private citizen; and (7) Barbara Reed, a private citizen. The following allegations are contained in Plaintiff's complaint.

On the evening of July 18, 2008, Updike filed a complaint with the Plainwell Department of Public Safety alleging that earlier that evening DeHart observed a woman matching Plaintiff's description "stalking" Updike's residence.  Following an investigation, Varley concluded that Plaintiff "was no longer a suspect" in the matter and no criminal charges were ever filed against Plaintiff concerning the incident.  Nevertheless, soon thereafter, Updike, with the assistance of Defendant Champion, sought and obtained a Personal Protective Order (PPO) against Plaintiff.

Believing that Updike had intentionally accused her of a crime she did not commit, Plaintiff sought assistance from Wilson, Bomar, and Varley to investigate the matter and provide Plaintiff with appropriate "justice."  Plaintiff's attempts to secure an investigation against Updike, however, were unsuccessful.  Throughout this process, Updike, with Champion's assistance, obtained several extensions of the aforementioned PPO.  Plaintiff was eventually found to have violated the terms of the PPO and sentenced to serve 90 days in jail and pay "thousands of dollars" in attorney fees.

Plaintiff alleges that Defendants violated her First Amendment right to be free from unlawful retaliation and, furthermore, entered into a conspiracy to deny her constitutional right to due process and equal protection of the laws.  Plaintiff's claims against Defendants Reed and DeHart have since been dismissed.  Defendants City of Plainwell, Wilson, Bomar, Varley, Updike, and Champion now move for relief.

While the present motions are titled "motions for summary judgment," Defendants have submitted no evidence in support thereof and rely on Federal Rule of Civil Procedure 12 as the basis for the requested relief.  Moreover, Defendants have previously sought and obtained a stay of discovery. (Dkt. #100). In the Order granting Defendants' request for stay of discovery, the Court expressly stated that such was "CONDITIONALLY GRANTED with the express condition that the dispositive motions

filed by these defendants and Defendant Champion [the motions presently before the Court] will be considered motions filed pursuant to Fed. R. Civ. P. 12 and NOT summary judgment motions filed pursuant to Fed. R. Civ. P. 56." (Dkt. #100).  Thus, despite the present motions being titled as "motions for summary judgment," such are properly considered motions to dismiss pursuant to Rule 12 and will be considered as such pursuant to the standard articulated below.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court has held, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.          **Conspiracy Claims**

Plaintiff alleges that Defendants participated in a conspiracy, in violation of 42 U.S.C.

§ 1985(3), the purpose of which was to deprive Plaintiff of her constitutional right to due process and

the equal protection of the laws.

To establish a claim of private conspiracy under § 1985(3), Plaintiff must establish the

following: (1) a conspiracy involving two or persons; (2) for the purpose of depriving the plaintiff of the

equal protection of the laws due to racial or class-based animus; (3) an act in furtherance of the

conspiracy, and (4) which resulted in injury to the plaintiff.  *See Maxwell v. Dodd*, 662 F.3d 418, 422

(6th Cir. 2011) (citing 42 U.S.C. § 1985(3) and *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S.

825, 828-29 (1983)).  Plaintiff has failed to allege facts that the purpose of the alleged conspiracy was

to deprive her of the equal protection of the laws due to racial or class-based animus.  Accordingly, the

undersigned recommends that Plaintiff's conspiracy claims against Defendants City of Plainwell,

Wilson, Bomar, Varley, Updike, and Champion be dismissed.


II.         **City of Plainwell**

While the City of Plainwell is named as a defendant in this matter, Plaintiff's complaint

contains no allegations against the City of Plainwell.  Instead, it is clear that Plaintiff seeks to impose

liability on the city simply because it employs several of the individual defendants in this matter.  Such

is an insufficient basis on which to impose liability, however.

The City of Plainwell is not vicariously liable for the actions of its employees and,

therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).  To establish liability against the City of Plainwell, Plaintiff must demonstrate that she suffered a violation of her federal rights "because of" a City of Plainwell policy, practice, or custom.  *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that the City of Plainwell had notice or constructive notice of such; (3) that the City of Plainwell tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation.  *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff's complaint contains no factual allegations that, even if accepted as true, would entitle her to prevail on a claim against the City of Plainwell.  The undersigned, therefore, recommends that Plaintiff's claims against the City of Plainwell be dismissed for failure to state a claim on which relief may be granted.

III.        **Retaliation Claims**

Plaintiff claims that after she was falsely alleged to have stalked Defendant Updike's residence, she requested that the Plainwell Department of Public Safety "initiate an investigation into Updike's false crime report against her."  Plaintiff pursued this matter with vigor to the point of conducting her own "investigation" into the matter.  Plaintiff alleges that in response to her efforts,

Defendants took actions against her which constituted unlawful retaliation in violation of her First Amendment right to petition the government for redress of grievances.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Wurzelbacher v. Jones-Kelley*, - - - F.3d - - -, 2012 WL 997390 at *3 (6th Cir., Mar. 7, 2012).

With respect to causation, courts recognize that retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)).  Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim.  *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004) ("conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

Plaintiff's retaliation claims are asserted pursuant to 42 U.S.C. § 1983 which provides that "every person who, *under color of State [law]* . . .subjects, or causes to be subjected, any citizen of the United States. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." (emphasis added).  As indicated by the italicized language, a claim asserted pursuant to § 1983 claim can only be asserted against a person or entity "acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010).  Unless

"jointly engaged with state officials in a prohibited action," a private person is not considered a state actor for § 1983 purposes. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

Plaintiff's complaint largely consists of allegations against specific individuals. In several portions of her complaint, however, Plaintiff makes allegations not against a specific individual, but rather against "defendants," a vague and unspecific term. With respect to Plaintiff's retaliation claims, the Court has separately analyzed these two distinct categories of allegations.

A.      Plaintiff's Vague Allegations against unidentified "Defendants"

In several locations in her complaint, Plaintiff makes allegations not against any specific individual(s), but rather advances the vague allegation that "defendants" undertook a particular action relevant to her retaliation claims. (Dkt. #1 at ¶¶ 76, 115, 118, 130, 134). The Court finds the allegations in these five paragraphs to be so vague or ambiguous that Defendants cannot reasonably respond thereto. Likewise, the Court cannot properly analyze the present motions to dismiss as to these particular allegations.

The undersigned, therefore, recommends that with respect to the allegations contained in the five aforementioned paragraphs, the present motions for summary judgment be denied without prejudice. The undersigned further recommends that Plaintiff be required to submit, within 14 days from the date of the Order adopting such recommendation, a more definite statement clarifying the retaliation allegations in these five paragraphs, precisely identifying the specific individual or individuals against whom such allegations are advanced. *See* Fed. R. Civ. P. 12(e); *Dumas v. Hurley Medical Center*, 2011 WL 35407 at *1 (E.D. Mich., Jan. 5, 2011) ("court may issue an order requiring a more definite

statement *sua sponte*"); *Straker v. Metropolitan Transit Authority*, 333 F.Supp.2d 91, 103 (E.D.N.Y. 2004) (same).

**Plaintiff is hereby provided notice of two items regarding the recommendation that she submit a more definite statement.  First, such does not permit Plaintiff to assert completely new factual allegations.  Rather, the Court is recommending only that Plaintiff be required to precisely identify the individual or individuals against whom the allegations in the aforementioned paragraphs are advanced.  Second, in the event that this recommendation is adopted, if Plaintiff fails to timely submit a more definite statement the undersigned will recommend that the claims in the aforementioned paragraphs be dismissed for failure to comply with the Court's orders and for failure to prosecute.**

> B.      Plaintiff's Allegations against Specific Defendants

> 1.      Defendant Champion

Defendant Champion performs work, on a contract basis, for the City of Plainwell. Plaintiff has failed to allege facts that Defendant Champion was "acting under color of state law" or was a "state actor" when he undertook any of the actions alleged in Plaintiff's complaint.  Plaintiff's allegations instead reveal that Champion was merely acting in his capacity as Defendant Updike's privately retained attorney.  The undersigned, therefore, recommends that Defendant Champion's motion to dismiss be granted as to all allegations in Plaintiff's complaint except for the generalized allegations of retaliation advanced in paragraphs 76, 115, 118, 130, and 134 of Plaintiff's complaint.  As previously discussed, the undersigned recommends that with respect to the allegations in these five paragraphs, Defendant Champion's motion be denied without prejudice.

2.      Defendant Wilson

Defendant Wilson is specifically referenced only sporadically in Plaintiff's complaint. (Dkt. #1 at ¶¶ 59-61, 87-88, 94, 133, 145). The allegations in these particular paragraphs, even if proven, do not establish that Wilson engaged in retaliatory conduct. Specifically, Plaintiff has failed to allege that Wilson engaged in any conduct that would deter a person of "ordinary firmness" from continuing to engage in protected conduct. Thus, Plaintiff's allegations against Defendant Wilson fail to state a claim on which relief may be granted. The undersigned, therefore, recommends that Defendant Wilson's motion to dismiss be granted as to all allegations in Plaintiff's complaint except for the generalized allegations of retaliation advanced in paragraphs 76, 115, 118, 130, and 134 of Plaintiff's complaint. As previously discussed, the undersigned recommends that with respect to the allegations in these five paragraphs, Defendant Wilson's motion be denied without prejudice.

3.      Defendant Updike

Defendant Updike is employed by the City of Plainwell as Superintendent of Public Works. Plaintiff's allegations against Defendant Updike, even if proven, fail to establish that Updike was "acting under color of state law" or was a "state actor" when he engaged in any of the conduct alleged by Plaintiff. Rather, Plaintiff's allegations concern alleged action undertaken by Updike in his capacity as a private citizen. The undersigned, therefore, recommends that Defendant Updike's motion to dismiss be granted as to all allegations in Plaintiff's complaint except for the generalized allegations of retaliation advanced in paragraphs 76, 115, 118, 130, and 134 of Plaintiff's complaint. As previously discussed, the undersigned recommends that with respect to the allegations in these five paragraphs, Defendant Updike's motion be denied without prejudice.

4.      Defendant Bomar

Defendant Bomar is employed by the City of Plainwell as its Director of Public Safety. Defendant Bomar is specifically referenced in several portions of Plaintiff's complaint. With the exception of the allegations contained in paragraphs 102-104, the allegations in Plaintiff's complaint levied specifically against Defendant Bomar fail to state a claim for retaliation. Specifically, Plaintiff has failed to allege that Bomar engaged in any conduct that would deter a person of "ordinary firmness" from continuing to engage in protected conduct.

With respect to the allegations in paragraphs 102-104, however, the Court reaches a different conclusion. In these particular passages, Plaintiff alleges that she requested from the Department of Public Safety a particular accident report. According to Plaintiff, Defendant Bomar informed Plaintiff that she could obtain a copy of the report in question, but that she was not permitted to appear at the Department of Public Safety to obtain such because doing so would violate the terms of a Personal Protective Order that Defendant Updike had secured against Plaintiff. Plaintiff alleges that Bomar threatened her with "arrest and incarceration" if she appeared at the Department of Public Safety.

The Court is not persuaded by Defendant's argument that with respect to these allegations he should not be considered a state actor. Plaintiff's allegations certainly concern action taken by Bomar in his capacity as the Director of Public Safety. Moreover, to the extent that Bomar possessed the authority to arrest and incarcerate Plaintiff such was due to his position as the Director of Public Safety.

The Court is likewise not persuaded by Defendant's argument that Plaintiff has failed "to show a genuine issue of material fact with respect to the second element." The second element of the analysis requires Plaintiff to establish that Defendant engaged in conduct sufficiently adverse to deter a person of ordinary firmness from continuing to engage in protected conduct. Plaintiff's allegation that

she was threatened with "arrest and incarceration" if she appeared at the Department of Public Safety is certainly sufficient to state a claim. *See, e.g., Reynolds-Bey v. Harris*, 428 Fed. Appx. 493, 503 (6th Cir., Apr. 13, 2011) ("if a reasonable trier of fact could conclude that a retaliatory act would deter a person from exercising his rights," relief for failure to satisfy this element of the analysis is improper).

Accordingly, the undersigned recommends that Defendant Bomar's motion to dismiss be granted as to all specific allegations against Bomar in Plaintiff's complaint save the allegations in paragraphs 102-04 of Plaintiff's complaint, with respect to which the undersigned recommends that Defendant Bomar's motion be denied. The undersigned further recommends that with respect to the generalized allegations of retaliation advanced in paragraphs 76, 115, 118, 130, and 134 of Plaintiff's complaint, Defendant Bomar's motion be denied without prejudice.

### 5.     Defendant Varley

Defendant Varley is employed by the City of Plainwell as a Detective for the Department of Public Safety. With the exception of the allegations contained in paragraph 86, the allegations in Plaintiff's complaint levied specifically against Defendant Varley fail to state a claim for retaliation. Specifically, Plaintiff has failed to allege that Varley engaged in any conduct that would deter a person of "ordinary firmness" from continuing to engage in protected conduct.

With respect to the allegations in paragraph 86, however, the Court reaches a different conclusion. In this paragraph, Plaintiff alleges that as part of her investigation into the false criminal allegations made against her she spoke with Defendant DeHart, informing him that she was "going to go to the Michigan State Police about the false allegations." According to Plaintiff, when Defendant

Varley learned of this, he "warned [Plaintiff] if she contacted any other party involved in Updike's false crime report he would charge [Plaintiff] with a crime."

Defendant argues that he is entitled to relief because he is not properly considered a state actor. Again, the Court is not persuaded. Plaintiff's allegations concern action taken by Varley in his capacity as a detective for the Director of Public Safety. Furthermore, to the extent that Varley possessed the authority to "charge Plaintiff with a crime," such was due to his position as a detective.

The Court is also not persuaded by Defendant's argument that Plaintiff has failed "to show a genuine issue of material fact with respect to the second element." Plaintiff's allegation that Varley threatened to charge her with criminal activity for merely contacting "any other party involved in Updike's false crime report," is sufficient to preclude relief for Defendant on this element. *See, e.g., Reynolds-Bey v. Harris*, 428 Fed. Appx. at 503.

Accordingly, the undersigned recommends that Defendant Varley's motion to dismiss be granted as to all specific allegations against Varley in Plaintiff's complaint save the allegations in paragraph 86 of Plaintiff's complaint, with respect to which the undersigned recommends that Defendant Varley's motion be denied. The undersigned further recommends that with respect to the generalized allegations of retaliation advanced in paragraphs 76, 115, 118, 130, and 134 of Plaintiff's complaint, Defendant Varley's motion be denied without prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant City of Plainwell, Wilson, Bomar, Varley, and Updike's Motion for Summary Judgment, (dkt. #34), be **granted**

**in part, denied in part, and denied without prejudice in part**; and Defendant Champion's Motion

for Summary Judgment, (dkt. #43), be **granted in part and denied without prejudice in part**.

Specifically, the undersigned recommends that: (1) with respect to Plaintiff's conspiracy

claims, Defendants' motions be granted and such claims be dismissed; (2) with respect to Plaintiff's

claims against Defendant City of Plainwell, Defendant's motion be granted and such claims be

dismissed; (3) with respect to Plaintiff's vague allegations of retaliation against unidentified

"Defendants" in paragraphs #76, 115, 118, 130, and 134 of Plaintiff's complaint, Defendants' motions

be denied without prejudice and Plaintiff be required to submit, within 14 days from the date of the

Order adopting such recommendation, a more definite statement clarifying the allegations in these five

paragraphs, precisely identifying the specific individual or individuals against whom such allegations

are advanced; (4) Defendants Champion's, Wilson's, and Updike's, motion to dismiss Plaintiff's

retaliation claims be granted except for the generalized allegations advanced in paragraphs 76, 115, 118,

130, and 134 of Plaintiff's complaint which be denied without prejudice; (5) Defendant Bomar's motion

to dismiss Plaintiff's retaliation claims be granted as to all specific allegations against Bomar in

Plaintiff's complaint save the allegations in paragraphs 102-04 of Plaintiff's complaint, with respect to

which Defendant Bomar's motion be denied.  As for the generalized allegations of retaliation advanced

in paragraphs 76, 115, 118, 130, and 134 of Plaintiff's complaint, Defendant Bomar's motion be denied

without prejudice; and (6) Defendant Varley's motion to dismiss Plaintiff's retaliation claims be granted

as to all specific allegations against Varley in Plaintiff's complaint save the allegations in paragraph 86

of Plaintiff's complaint, with respect to which Defendant Varley's motion be denied.  As for the

generalized allegations of retaliation advanced in paragraphs 76, 115, 118, 130, and 134 of Plaintiff's

complaint, Defendant Varley's motion be denied without prejudice.   The undersigned further

recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  May 10, 2012                              /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge