UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BARBARA BECK,

                Plaintiff,                                Hon. Janet T. Neff

v.                                              Case No. 1:11 CV 735

PLAINWELL, CITY OF, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Wilson, Bomar, Varley, Updike, and Champion's Renewed Motion for Judgment on the Pleadings</u>.  (Dkt. #130).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.


## BACKGROUND

Plaintiff initiated the present action on July 18, 2011, against The City of Plainwell and the following individuals: (1) Erik Wilson, Plainwell City Manager; (2) William Bomar, Plainwell Director of Public Safety; (3) Robert Champion, Plainwell City Attorney; (4) John Varley, Detective, Plainwell Department of Public Safety; (5) Ricky Updike, Superintendent, Plainwell Department of Public Works; (6) R. David DeHart, a private citizen; and (7) Barbara Reed, a private citizen.  The following allegations are contained in Plaintiff's complaint.

On the evening of July 18, 2008, Updike filed a complaint with the Plainwell Department of Public Safety alleging that earlier that evening DeHart observed a woman matching Plaintiff's description "stalking" Updike's residence. Following an investigation, Varley concluded

that Plaintiff "was no longer a suspect" in the matter and no criminal charges were ever filed against Plaintiff concerning the incident.   Nevertheless, soon thereafter, Updike, with the assistance of Defendant Champion, sought and obtained a Personal Protective Order (PPO) against Plaintiff.

Believing that Updike had intentionally accused her of a crime she did not commit, Plaintiff sought assistance from Wilson, Bomar, and Varley to investigate the matter and provide Plaintiff with appropriate "justice."  Plaintiff's attempts to secure an investigation against Updike, however, were unsuccessful.   Throughout this process, Updike, with Champion's assistance, obtained several extensions of the aforementioned PPO.  Plaintiff was eventually found to have violated the terms of the PPO and sentenced to serve 90 days in jail and pay "thousands of dollars" in attorney fees.

Plaintiff alleged that Defendants violated her First Amendment right to be free from unlawful retaliation and, furthermore, entered into a conspiracy to deny her constitutional right to due process and equal protection of the laws.  Defendants Reed and DeHart previously moved to dismiss Plaintiff's claims.  (Dkt. #36, 40).  These motions were both granted and Plaintiff's claims against these defendants dismissed.  (Dkt. #112, 121).  Defendants Wilson, Bomar, Varley, Updike, Champion, and City of Plainwell also moved to dismiss Plaintiff's claims.   (Dkt. #34, 43).  Plaintiff's conspiracy claims against these defendants were dismissed.  (Dkt. #126, 127). Evaluation of Plaintiff's retaliation claims was less straightforward.

The allegations of retaliation against Defendant Bomar, asserted in paragraphs #102-04 of Plaintiff's complaint, were found sufficient to state a claim on which relief may be granted.  Likewise, the allegations of retaliation against Defendant Varley, asserted in paragraph #86 of Plaintiff's complaint, were found sufficient to state a claim on which relief may be granted.  The

allegations of retaliation in paragraphs #76, 115, 118, 130, and 134 of Plaintiff's complaint were deemed "to be so vague or ambiguous that Defendants cannot reasonably respond thereto." Accordingly, Plaintiff was ordered to provide "a more definite statement clarifying the retaliation allegations in these five paragraphs, precisely identifying the specific individual or individuals against whom such allegations are advanced." Plaintiff's retaliation claims were otherwise dismissed for failure to state a claim on which relief may be granted.

On June 11, 2012, Plaintiff submitted a "Clarification of Complaint" in response to the aforementioned Order that Plaintiff submit a more definite statement. (Dkt. #128). Defendants Wilson, Bomar, Varley, Updike, and Champion again move to dismiss the claims asserted in paragraphs #76, 115, 118, 130, and 134 of Plaintiff's complaint.

## **LEGAL STANDARD**

A Rule 12(b)(6)[1] motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court has held, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a

---

[1] While Defendants have styled their motion as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), such is evaluated by application of the standard applicable to motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012).

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in

determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

### I.          Retaliation Standard

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct.  *See Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-84 (6th Cir. 2012).

With respect to causation, courts recognize that retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence."  *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)).  Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim.  *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004) ("conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

Plaintiff's retaliation claims are asserted pursuant to 42 U.S.C. § 1983 which provides that "every person who, *under color of State [law]*. . .subjects, or causes to be subjected, any citizen of the United States. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." (emphasis added). As indicated by the italicized language, a claim asserted pursuant to § 1983 claim can only be asserted against a person or entity "acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010). Unless "jointly engaged with state officials in a prohibited action," a private person is not considered a state actor for § 1983 purposes. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

## II.        Paragraph #76

In paragraph #76 of her original complaint, Plaintiff asserted the following:

> Defendants refused Ms. Beck's requests to investigate her allegations defendants tried to set her up in an effort to have her charged with a crime. PPS initially refused to release the investigation to the Michigan State Police. When defendants finally agreed to release the investigation to MSP, they included two additional false reports alleging Ms. Beck had been caught stalking Updike's home after his initial July 18, 2008 false allegations didn't result in her arrest.

As previously noted, Plaintiff was ordered to submit "a more definite statement clarifying the retaliation allegations in [this paragraph], precisely identifying the specific individual or individuals against whom such allegations are advanced." Plaintiff was cautioned, however, that the direction to submit a more definite statement "does not permit Plaintiff to assert completely new factual allegations." Despite such clear instruction, Plaintiff failed to identify the individual(s) against whom the allegations in question were advanced, but instead merely submitted more than four pages of completely new factual allegations.

In addition to this deficiency, the allegations in Plaintiff's "Clarification of Complaint" concerning paragraph #76 of her original complaint fail to state a claim for retaliation. The allegations in question, even if taken as true, fail to satisfy the causation prong of the analysis. Plaintiff has failed to allege facts from which retaliation can plausibly be inferred, but has instead merely asserted the conclusion that she was subjected to retaliation.  Such allegations fail to satisfy the standards articulated above.  Accordingly, the undersigned recommends that with respect to the allegations in paragraph #76 of Plaintiff's complaint, Defendants' Wilson, Bomar, Varley, Updike, and Champion's motion to dismiss be granted.

### III.        Paragraph #115

In paragraph #115 of her original complaint, Plaintiff asserted the following:

> Following Ms. Steele's conversation with Ms. Beck, Ms. Steele notified defendants of the conversation.  Defendants prepared a second false sworn Petition requesting another ex-parte PPO against Ms. Beck.

In response to the Court's Order to submit a more definite statement, Plaintiff identified Defendant Updike as the individual against whom the allegations in question were asserted.  Plaintiff's claim nevertheless fails, however, because it is clear from Plaintiff's allegations that Defendant Updike was not acting under color of state law when he allegedly "prepared a second false sworn Petition requesting another ex-parte PPO against" Plaintiff.   Accordingly, the undersigned recommends that with respect to the allegations in paragraph #115 of Plaintiff's complaint, Defendants' Wilson, Bomar, Varley, Updike, and Champion's motion to dismiss be granted.

IV.          Paragraph #118

      In paragraph #118 of her original complaint, Plaintiff asserted the following:

> Prior to Ms. Beck's March 2, 2009 Motion hearing requesting the
> court rescind her second unlawfully acquired ex-parte PPO,
> defendants provided Champion with Ms. Beck's Private Health
> Information, PHI.

      In her response to the Court's Order to submit a more definite statement, Plaintiff concedes that she does not know which individual or individuals engaged in the conduct alleged. Plaintiff asserts that she is unable to identify the individual or individuals in question "without first being granted discovery."

      The Court recognizes that the Federal Rules of Civil Procedure permit a party opposing a motion for summary judgment to obtain a delay in resolution of such on the ground that further discovery is necessary. *See* Fed. R. Civ. P. 56(d). However, the Federal Rules contain no analogous provision applicable to motions for relief under Rule 12(b)(6) or Rule 12(c). Likewise, the Court is unaware of any other authority that permits a party opposing a motion under Rule 12(b)(6) or Rule 12(c) to delay resolution of such on the ground that discovery is necessary. *See, e.g., Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir., Mar. 30, 2010) ("the idea that discovery should be permitted before deciding a motion to dismiss is unsupported and defies common sense because the purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"); *Top v. Ocean Petroleum, LLC*, 2010 WL 3087385 at \*3 (D.N.J., Aug. 3, 2010) (a motion under Rule 12(b)(6) "represents a checkpoint that must be cleared before a plaintiff can reach the discovery stage of litigation").

      As Plaintiff has failed to make any specific allegations against any defendant with respect to the allegations in this particular paragraph, the undersigned recommends that Defendants'

Wilson, Bomar, Varley, Updike, and Champion's motion to dismiss be granted as to the allegations in paragraph #118 of Plaintiff's complaint.

**V.**       **Paragraph #130**

In paragraph #130 of her original complaint, Plaintiff asserted the following:

Defendants willfully engaged in fraud upon the court preventing the court from acting in his normal impartial manner.   Defendants intentionally presented false arguments and testimony to ensure the court would deprive Ms. Beck [of] her right to due process and equal protection.

In response to the Court's Order to submit a more definite statement, Plaintiff identified Defendant Champion as the individual against whom the allegations in question were asserted.   Nevertheless, the allegations in Plaintiff's "Clarification of Complaint" concerning paragraph #130 of her original complaint fail to state a claim for retaliation.   The allegations in question, even if taken as true, fail to satisfy the causation prong of the analysis.   Plaintiff has failed to allege facts from which retaliation can plausibly be inferred, but has instead merely asserted the conclusion that she was subjected to retaliation.   As the standards discussed above make clear, such allegations are insufficient.   Accordingly, the undersigned recommends that with respect to the allegations in paragraph #130 of Plaintiff's complaint, Defendants' Wilson, Bomar, Varley, Updike, and Champion's motion to dismiss be granted.

**VI.**       **Paragraph #134**

In paragraph #134 of her original complaint, Plaintiff asserted the following:

On March 17, 2009 Ms. Beck relocated to Manitowoc, Wisconsin; 340 miles from Kalamazoo, Michigan.   Subsequently, defendants

unlawfully acquired five extensions to Ms. Beck's February 13, 2009 PPO.

In response to the Court's Order to submit a more definite statement, Plaintiff identified Defendant Updike as the individual against whom the allegations in question were asserted. Plaintiff's claim nevertheless fails, however, because it is clear from Plaintiff's allegations that Defendant Updike was not acting under color of state law when he undertook the alleged actions. Accordingly, the undersigned recommends that with respect to the allegations in paragraph #134 of Plaintiff's complaint, Defendants' Wilson, Bomar, Varley, Updike, and Champion's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Wilson, Bomar, Varley, Updike, and Champion's Renewed Motion for Judgment on the Pleadings, (dkt. #130), be **granted** and the claims asserted in paragraphs #76, 115, 118, 130, and 134 of Plaintiff's complaint be dismissed. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3). Should this Report and Recommendation be adopted, only the allegations of retaliation against Defendant Bomar, asserted in paragraphs #102-04 of Plaintiff's complaint, and the allegations of retaliation against Defendant Varley, asserted in paragraph #86, will remain.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  October 30, 2012               \_\_/s/ Ellen S. Carmody_____
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge