UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA L. BECK,

    Plaintiff,                                    Case No. 1:11-cv-735

v                                              HON. JANET T. NEFF

CITY OF PLAINWELL et al.,

    Defendants.
_____/

**OPINION AND ORDER**

      Pending before the Court is Plaintiff's Motion for Relief from Judgment or Order (Dkt 136) of: (1) the Magistrate Judge's March 30, 2012 Order (Dkt 100) granting Defendants' "Protective Order Staying Discovery or in the Alternative Motion for Protective Order Forbidding Plaintiff's March 14, 2012 Discovery Requests" (Dkt 92); and (2) the Court's May 29, 2012 Order (Dkt 127) granting in part, denying in part, and denying without prejudice in part Defendants' Motions for Summary Judgment (Dkts 34, 43).  On August 31, 2012, Defendants filed a response to Plaintiff's motion (Dkt 138).  After carefully considering Plaintiff's motion and Defendant's response, the Court concludes that Plaintiff's motion is properly denied.

      Plaintiff brings this motion under Federal Rule of Civil Procedure 60(b)(6), which permits a district court to grant a motion for relief from judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).  The Sixth Circuit adheres to the view that courts should apply Rule 60(b)(6) only in "exceptional or extraordinary circumstances," not as a substitute for an appeal. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).  Therefore, "courts

must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Plaintiff makes numerous unsupported allegations in her motion, none of which demonstrate "exceptional or extraordinary circumstances" requiring post-judgment relief. Furthermore, even if Plaintiff had demonstrated an "unusual and extreme" situation, a Rule 60(b) motion would be inappropriate because the case is still proceeding so Plaintiff is "not seeking relief from a final judgment." *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233 (1995) ("[Rule] 60(b) … authorizes courts to relieve parties from a final judgment for grounds such as excusable neglect, newly discovered evidence, fraud, or 'any other reason justifying relief…'"); *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 773 F.2d 151, 153 (7th Cir. 1985) ("Rule [60(b)] applies only to a 'final judgment order, or proceeding'"); *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) ("Defendants are not entitled to relief under Rule 60(b)(6) because they are not seeking relief from a final judgment."). Accordingly, Plaintiff's motion is denied as without merit.

**THEREFORE, IT IS ORDERED** that the Motion for Relief from Judgment or Order (Dkt 136) is DENIED.

Date: November  8 , 2012                    /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge