UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BECK,

     Plaintiff,                          Case No. 1:11-cv-735

v                                       HON. JANET T. NEFF

PLAINWELL, CITY OF, et al.,

     Defendants.
_____/

## OPINION AND ORDER

Plaintiff's claims in this action have been dismissed save her allegations of retaliation against Defendants Varley and Bomar, asserted in paragraphs #86 and #102-04, respectively, of her July 18, 2011 complaint (Dkt 1). Defendants Bomar and Varley moved for summary judgment (Dkt 177), and the matter was referred to the Magistrate Judge. On December 10, 2013, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge determined that Defendant Bomar is entitled to dismissal because he presented unrefuted evidence that his October 17, 2008 emailed response to Plaintiff was not motivated by Plaintiff's protected conduct (her request for an accident report), but was motivated by the existence of a Personal Protection Order (PPO), the terms of which prohibited Plaintiff from

appearing in person at Plainwell City Hall (R&R, Dkt 189 at 6-7). Plaintiff objects to the Magistrate Judge's recommendation to dismiss Defendant Bomar, arguing that the Magistrate Judge erred in "deliberately ignoring Plaintiff's substantive and possibly precedent-setting argument" that "Defendant Bomar knew or should have known a state circuit court judge could not grant an ex-parte Personal Protection Order against a person, which knowingly and intentionally deprived the person of her federally protected rights" (Objs., Dkt 190 at 5). Plaintiff opines that "[w]ith or without a PPO, it was unlawful and retaliatory for Defendant Bomar to ban Plaintiff from appearing at Plainwell Public Safety and threaten to arrest Plaintiff if she did" (*id.* at 6). However, Plaintiff's objection does not point to any evidence that demonstrates factual or legal error in the Magistrate Judge's analysis, and, in fact, Plaintiff again concedes the existence of the PPO that motivated Defendant Bomar. Therefore, Plaintiff's first objection is denied.

Next, the Magistrate Judge determined that Defendant Varley is entitled to dismissal because his admonition to Plaintiff that additional communication with potential witnesses may subject her to charges of witness tampering fails to satisfy the adverse action element of a retaliation claim (R&R, Dkt 189 at 8). The Magistrate Judge further determined that even if Varley's alleged comments satisfied the adverse action element, Plaintiff could not prevail on the causation element of her retaliation claim where she conceded at her deposition that Varley did not threaten to arrest her for speaking with DeHart, but merely warned her that she could be subject to arrest for engaging in witness tampering (*id.*).

In response to the Magistrate Judge's recommendation to dismiss Defendant Varley, Plaintiff argues that the Magistrate Judge "erred in asserting former Defendant DeHart was a potential 'witness'" where "Plaintiff never alleged DeHart was a witness, she alleged he was a co-

conspirator" (Objs., Dkt 190 at 6). Plaintiff opines that "[t]he only reason Defendant Varley threatened Plaintiff was to intimidate Plaintiff" (*id.*).

Plaintiff's characterization of DeHart as co-conspirator does not undermine his status as a potential witness in this case, and Plaintiff's objection therefore fails to demonstrate any factual or legal error in the Magistrate Judge's analysis of the adverse action element. Further, Plaintiff's objection does not point to any evidence that demonstrates factual or legal error in the Magistrate Judge's causation analysis. Therefore, Plaintiff's second objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 190) are DENIED and the Report and Recommendation (Dkt 189) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 177) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: March __24__, 2014                          /s/ Janet T. Neff_____
                                                   JANET T. NEFF
                                                   United States District Judge